ROYAL INDEMNITY CO v FLUTMES

Ohio Appeals, 1st Dist, Hamilton Co
No 3541. Decided Jan 20, 1930

Dolle, O'Donnell & Cash, Cincinnati, for Indemnity Co.

Harry Neal Smith, Cincinnati, for Flutmes.

ROSS, J.

While no motion for a new trial was filed, although the bill of exceptions recites that a motion was filed and overruled, it is unnecessary for the purposes of a decision in this case that such a motion should have been filed and overruled.

The plaintiff cannot recover upon the facts proved by him under the decision in the case of **Royal Indemnity Co. v. Day & Maddock Co., 114 Oh St., 58.** While the Maddock case does not in the syllabi specifically pass upon the question raised by the instant cause, there can be no question but that it is an authority for the decision in this case, and that the rule is that the Surety Company is only liable upon its bond for labor and materials furnished and supplied which have gone into and become a part of the work, and that no recovery can be had for repairs upon machinery in the prosecution of said work. As the court in that case said, quoting from Donnelly on the law of Public Contracts:

"A contractor is presumed to be prepared with machinery, tools and appliances necessary to carry out his contract. These are furnished upon his own credit presumably and not upon the implied credit of the public. They survive the performance of the work, do not become a part of it and may be used upon other work."

We quote from the record the testimony of the plaintiff showing that his claim was based upon services and material, compensation for which is not included within the terms of the bond nor the provisions of the statutes.

"Q. Now will you tell the jury what kind of work you and your men did on this contract, or job?"

A. Well, they have got a great, big twenty ton mixer up there, the one time we went up we had to jack it up and take caterpillars off the bottom and put in new pins and fix the caterpillars, and the other time they got it off over to the side of the road, and they sure bumped around there.

THE COURT:

Q. Tell us the kind of work you did.

MR. SMITH:

Q. Was this machinists' work or what kind of work was it?

A. Laboring work and machinist work, you have got to have machinists to do that kind of work; it was on the mixers and the road rollers and pumps and things like that.

Q. Repairing the machinery?

A. Yes; repairing the machinery.

Q. Now did you do other work than repairing the machinery?

A. Just repaired the machinery and furnished the valves and things like that, and parts for it, and I furnished valves and parts, on the pump they have rubber disk valves, and you don't have to take them out.

Q. I want you to confine yourself to the actual work you did with your hands and your machinists: you repaired the machinery?

A. Yes we repaired the machinery.

Q. Was there anything else you did other than repairing the machinery?

A. No, no other work, only repairing the machinery."

For the reasons given, the judgment of the court of common pleas must be reversed, and there being no basis upon which the plaintiff Flutmes could recover, judgment will be entered here for the plaintiff in error, The Royal Indemnity Company.

Cushing, PJ, and Hamilton, J, concur.